IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EMPLOYERS INSURANCE COMPANY OF
WAUSAU,

                                               ORDER

                        Petitioner,

                                              09-cv-201-bbc

     v.

CERTAIN UNDERWRITERS AT LLOYDS OF
LONDON, QBE REINSURANCE (EUROPE)
LIMITED, TRANSATLANTIC REINSURANCE
COMPANY, ST. PAUL REINSURANCE COMPANY
LTD, and UNIONAMERICA INSURANCE
COMPANY LIMITED,

                       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On September 28, 2009, I granted petitioner Employers Insurance Company of Wausau's petition for appointment of a third arbitrator by appointing N. David Thompson as third arbitrator to preside over arbitration proceedings between petitioner and respondents Certain Underwriters at Lloyds of London, QBE Reinsurance (Europe) Limited, Transatlantic Reinsurance Company, St. Paul Reinsurance Company and Unionamerica Insurance Company Limited.  In the same opinion and order, I denied respondents' cross-petition for disqualification of petitioner's party appointed arbitrator and dismissal of the

1

petition on the grounds of statute of limitations, laches and estoppel. Now before the court is respondents' motion for reconsideration and clarification of the court's September 28 opinion and order. Specifically, respondents request that the court make a declaration that "Wisconsin law applies to the parties' contracts and such requires all three arbitrators to be impartial and disinterested." In the alternative, respondents request a declaration that "Irrespective of Wisconsin law or the [Federal Arbitration Act], the parties' contracts require **all** three arbitrators to be impartial and disinterested." Respondents base their request for relief on Fed. R. Civ. P. 59 and 60.

The purpose of a Rule 59 motion to reconsider is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to submit evidence that could have been presented earlier, Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006), or rehash previous arguments. Oto v. Metropolitan Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2000).

Vacating a judgment under Rule 60 is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence and fraud. Fed. R. Civ. P. 60(b). However, Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (internal quotation omitted).

Respondents have not identified an error of law or fact in the September 28 opinion and order, presented newly discovered evidence or identified which of the grounds in Rule 60(b) is applicable to their motion. Instead, respondents argue that the court should grant their motion for reconsideration and make a declaration that Wisconsin law or the parties' reinsurance contracts require all arbitrators to be impartial and disinterested because respondents sought these declarations in their cross-petition and the court failed to provide this relief. Respondents also argue that these declarations are necessary because (1) the three arbitrators need to know the correct standard in order to make proper disclosures at the outset of arbitration; (2) counsel needs to know the correct standard in order to conduct an effective examination as to possible partiality and/or interest at the outset of arbitration; and (3) a declaration would prevent petitioner from moving forward with its stated intent to treat its party appointed arbitrator as a non-neutral party advocate.

These are not valid reasons to act under Rule 59 or 60. First, respondents' characterization of the relief they sought in their cross-petition is inaccurate. Their cross-petition asked the court to disqualify petitioner's party appointed arbitrator and dismiss petitioner's petition on the grounds of the Wisconsin statute of limitations, estoppel and laches. Respondents did not seek a blanket declaration that Wisconsin law applied to the reinsurance contracts. Ultimately, resolving the question whether Wisconsin law applies was unnecessary to decide the questions respondents did raise. Op. and Order, dkt. #39, at 9.

3

Second, as petitioner points out in its response to respondents' motion for reconsideration, a declaration that "all arbitrators are required to be impartial and disinterested" is unnecessary because it is undisputed that the reinsurance contracts require all arbitrators to be impartial and disinterested, and the September 28 opinion already states that the reinsurance contracts require that "each arbitrator be 'impartial and disinterested.'" Id. at 12.

Finally, although respondents argue that reconsideration and clarification of the court's order will be helpful as the arbitration process proceeds, "helpful" is not a proper ground for the relief they seek under Rule 59 or 60. The purpose of including an arbitration provision in the reinsurance contracts was to avoid having to rely on the court for interpretation and enforcement of the contract. As I explained in the September 28 opinion and order, the proper way to proceed in arbitration "is for the parties to establish 'an atmosphere of frankness at the outset' of arbitration, voluntarily disclose possible biases, improper ex parte communications or other conflicts or interest and determine, in conjunction with the arbitrators, whether an arbitrator violates the requirements of disinterest and impartiality and should recuse himself." Id. at 10-11.

Because I am not persuaded that the September 28, 2009 opinion and order was in error or that any grounds exist for relief under Fed. R. Civ. P. 60, respondent's motion for reconsideration will be denied.

4

ORDER

IT IS ORDERED that respondents Certain Underwriters at Lloyds of London's, QBE Reinsurance (Europe) Limited's, Transatlantic Reinsurance Company's, St. Paul Reinsurance Company's and Unionamerica Insurance Company Limited's motion for reconsideration and clarification is DENIED.

Entered this 23rd day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge